United States District Court
District of Massachusetts – Eastern Division

---

Daniel Lavoie,

                    Plaintiff,

    v.

Pain D'Avignon II, Inc.,

                    Defendant.

---

## Plaintiff's Complaint and Jury Demand

Plaintiff Daniel Lavoie states as follows for his complaint and jury demand against Pain D'Avignon II, Inc.

### Parties

1. Daniel Lavoie ("Mr. Lavoie") is a Massachusetts resident residing in Barnstable County.

2. Pain D'Avignon II, Inc. ("Pain D'Avignon") is a Delaware corporation with a principal office located at 15 Hinckley Road, Hyannis, Massachusetts 02601.

### Factual Allegations

3. Pain D'Avignon owns and operates a commercial and retail bakery located at 15 Hinckley Road, Hyannis, Massachusetts 02601.

4. Mr. Lavoie worked at Pain D'Avignon from April 2014 through early September 2020.

5. Throughout his employment, Pain D'Avignon paid Mr. Lavoie a salary.

6. Mr. Lavoie's most recent salary was $900/week.

7.      During the course of his employment, Mr. Lavoie worked in excess of 50 hours, on average, in a workweek.

8.      During many workweeks, Mr. Lavoie worked as many as 60 hours in a workweek.

9.      Pain D'Avignon classified Mr. Lavoie as exempt from state and federal overtime regulations and did not pay him an overtime premium.

10.     Pain D'Avignon classified Mr. Lavoie in this fashion despite him not meeting any applicable exemption to state or federal overtime regulations.

11.     Mr. Lavoie spent 100% of his entire workday performing non-exempt tasks including: receiving, maintenance, slicing bread, packaging bread, and making deliveries.

12.     These tasks are the same tasks performed by bakery production employees Pain D'Avignon classifies as not exempt from overtime.

13.     Mr. Lavoie's primary duty was performing non-exempt bakery production tasks.

14.     Mr. Lavoie's primary duty was not managing a department or subdivision of Pain D'Avignon.

15.     At all times, Pain D'Avignon had actual and constructive knowledge of the hours worked by Mr. Lavoie.

<u>Count 1 – Unpaid Overtime – M.G.L. ch. 151 §§1A-1B</u>

16.     Mr. Lavoie incorporates by reference his previous allegations.

17.     Pain D'Avignon was Mr. Lavoie's employer for purposes of M.G.L. ch. 151 §§1A-1B.

18.     Mr. Lavoie was engaged in an occupation for purposes of M.G.L. ch. 151 §§1A-1B.

19.     Mr. Lavoie worked more than 40 hours in a workweek without being paid an overtime premium.

20.     Pain D'Avignon's failure to pay Mr. Lavoie an overtime premium violated Massachusetts law.

<u>Count 2 – Unpaid Wages – M.G.L. ch. 149 §148</u>

21.     Mr. Lavoie incorporates by reference his previous allegations.

22.     Pain D'Avignon was Mr. Lavoie's employer for purposes of M.G.L. ch. 149 §148.

23.     Mr. Lavoie was engaged in an occupation for purposes of M.G.L. ch. 149 §148.

24.     Pain D'Avignon did not pay Mr. Lavoie all wages to which he was entitled under Massachusetts law.

25.     Pain D'Avignon's failure to pay Mr. Lavoie all wages he was owed violated Massachusetts law.

<u>Count 3 – Unpaid Overtime – 29 U.S.C. §201 *et seq.*</u>

26.     Mr. Lavoie incorporates by reference his previous allegations.

27.     Pain D'Avignon was Mr. Lavoie's employer for purposes of the Fair Labor Standards Act.

28.     Pain D'Avignon failed to pay Mr. Lavoie an overtime premium for all hours worked over forty in a workweek.

29.     Pain D'Avignon's failure to do so violated 29 U.S.C. §201 *et seq.*

30.     Pain D'Avignon is subject to the requirements of the FLSA because it had annual gross sales and/or business done in excess of $500,000.

31.     Mr. Lavoie is entitled to the protections of the FLSA as it relates to his employment with Pain D'Avignon because he engaged in interstate commerce and/or in the production of goods for interstate commerce, and/or in activities directly essential to such production.

<u>Request for Relief</u>

Mr. Lavoie asks this Court to issue an order for the following relief:

A.      The practices complained of in this complaint violated Massachusetts and federal

law;

B.      Pain D'Avignon is liable to Mr. Lavoie for these violations and must compensate

him in an amount equal to unpaid wages, triple damages, attorneys' fees, interest, and costs; and

C.      Any other relief this Court deems appropriate.


Respectfully submitted,


Benjamin Knox Steffans (BBO# 568535)
Steffans Legal LLC
7 North Street, Suite 307
Pittsfield, Massachusetts 01201
bsteffans@steffanslegal.com
413-418-4176
Attorney for Plaintiff

September 11, 2020